## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN,<br>7707 Wisconsin Avenue # 820<br>Bethesda, MD 20814-6554<br><br>     Plaintiff,<br><br>   v.<br><br>JAMES B. PEAKE, Secretary,<br>U.S. Dep't of Veterans Affairs,<br>810 Vermont Avenue, N.W.<br>Washington, D.C.  20420<br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

### COMPLAINT FOR DISCRIMINATION

1. Plaintiff Ann Mogenhan, by and through undersigned counsel, hereby files this civil action against Defendant James Peake, as head of the U.S. Department of Veterans Affairs, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff when Defendant failed to select her for the One-VA SES Candidate Program despite her outstanding credentials based on her gender (female), disability (migraine headaches) and in retaliation for her prior protected EEO activity.

2. Plaintiff requests as relief that she be immediately assigned to the One-VA SES Candidate Program; immediately provide her with appropriate developmental work assignments; immediately provide her with appropriate management training opportunities; and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful actions.

**PARTIES**

3. Plaintiff Ann Mogenhan, a United States citizen, is a white disabled female and a federal employee with over 30 years of government service. Since October 8, 2000, Ms. Mogenhan has been an Administrative Officer, GS-341-14, at the U.S. Department of Veterans Affairs, Veterans Health Administration ("VHA"), Office of Financial Management and Accounting Systems ("OFMAS"). For the entire period relevant to this action, Ms. Mogenhan has been employed as the Executive Assistant to the Associate CFO for Financial Management and Accounting Systems. She currently resides at 7707 Wisconsin Avenue, # 820, Bethesda, MD 20878-6554.

4. Defendant James Peake is Secretary of the U.S. Department of Veterans Affairs ("VA"), and as such, has ultimate authority over the actions of the VA. Defendant is sued in his official capacity only. His business address is 810 Vermont

Ave, N.W., Washington, DC 20240.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

6. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-16(d), and 42 U.S.C. § 1981a.

7. This Court is the proper venue pursuant to 42 U.S.C. § 2000e-5(f)(3). Plaintiff's office is located in Washington, D.C., and all of her supervisors and managers are located in Washington, D.C. The discriminatory acts complained of took place in Washington, D.C. Furthermore, all records, documents, and virtually all the witnesses relevant to this Complaint are located in Washington, D.C.

8. The background facts underlying Ms. Mogenhan's Complaint were developed, in part, through three formal administrative Equal Employment Opportunity ("EEO") discrimination complaints which she timely initiated between 2001 and 2005. Ms. Mogenhan's first Formal EEO Complaint (Agency No. 2004-0010-2002100209) was filed on December 20, 2001; her second Formal EEO Complaint (Agency No. 2004-0010-2005100825) was filed on March 23, 2005; and her third Formal

EEO Complaint (Agency No. 2004-0010-2006100280) was filed on December 19, 2005.

9. These three prior EEO complaints alleged a pattern of discrimination and hostile working environment based on inter alia race (white), disability (migraine headaches), gender (female), and retaliation for prior EEO activity. These three administrative complaints were consolidated in a civil action that was filed on November 29, 2006 in U.S. District Court in Washington, D.C. This District Court case, Civil Action No. 06-2041, is currently assigned to District Judge Gladys Kessler. The parties are currently engaged in the discovery process.

10. On February 28, 2007, Ms. Mogenhan contacted an EEO Counselor concerning her non-selection for the One-VA SES Candidate Program. She told the EEO Counselor that she believed that the non-selection was based on her gender (female), disability (migraine headaches) and also in retaliation for prior EEO activity. The counseling process did not reach a resolution of her discrimination claims.

11. On March 26, 2007, she filed her formal discrimination complaint based on gender (female) and reprisal for prior EEO activity. The Agency issued its final decision without a hearing on February 25, 2008. This civil action is being filed

more than 180 days after filing her formal EEO complaint. <u>See</u> 42 U.S.C. § 2000e-16(c).

**FACTS**

12. Ms. Mogenhan has a Bachelor of Science in Business from the Johns Hopkins University, she has completed the Senior Executive Service Program through George Washington University, and she completed the Department of Agriculture Graduate School's Executive Potential Program in 2000.

13. Ms. Mogenhan is a highly qualified, well-educated federal employee, who has had a successful professional career in the federal service. She has had more than thirty years of service in significant positions with various federal agencies.

14. Her professional experience includes work at the U.S. Resolution Trust Corporation, the U.S. House of Representatives, the U.S. Office of Personnel Management, and the U.S. Department of Veterans Affairs.

15. As Administrative Officer for the OFMAS, Ms. Mogenhan's position includes budget, financial management, human resources, procurement and contracting, property management, executive correspondence, health and safety, and security. She is responsible for advising the Associate Chief Financial Officer for Financial Management and Accounting Systems on

various issues, including, but not limited to, personnel management, budget and financial management, procurement and contracting, executive correspondence, and communications, property management and supplies. Her position is directly tied to the Associate Financial Officer ("AsCFO").

15. Ms. Mogenhan has been and continues to be a stellar employee based upon her most recent performance rating. She has been awarded annual performance-based recognitions, including but not limited to, Sustained Superior Performance Awards, Special Contribution Awards, and Exemplary Performance Awards. She is a Carey Examiner and has been trained to use Baldridge criteria to do Carey and Baldridge award reviews.

16. For many years, Ms. Mogenhan has experienced chronic migraine headaches that periodically prevent her from performing her duties. Her migraine symptoms include disturbances in vision, hand and finger dexterity, balance, mental acuity, loss of concentration, confusion, nausea, vomiting, and speech problems. Even after the head pain has past, she experiences a need for sleep, neck pain, and lack of being able to think clearly. Her migraine headaches triggers include: oxygen levels, smoke, perfumes, colognes, stress, chemicals, heat, allergens such as pollen; low blood sugar, etc.

17. Ms. Mogenhan has periodically sought reasonable accommodation from her supervisors for this physical condition, including requesting a private office so she can control the environment to eliminate potential triggers. Thus, both Mr. Rutledge and Mr. Norris are aware of her migraines and the impact that they can have on her.

18. Ms. Mogenhan applied for the One-VA SES Candidate Development Program as the next logical step for her career. The One-VA SES Candidate Development Program required an apprisal to be completed by her first-level supervisor, David Rutledge, and her second-level supervisor, Jimmy Norris.

19. However, this appraisal as prepared by Mr. Rutledge and Mr. Norris was very mediocre. It did not accurately reflect her performance in her present position or the annual performance ratings and performance awards that she had received. Both Mr. Rutledge and Mr. Norris knew that this appraisal was not accurate.

20. On February 3, 2007, Ms. Mogenhan was informed by Deborah Meeson, that Jimmy Norris (white male; no prior EEO activity) would not sign the form that he supported her as a candidate for the developmental program and recommended her for an appropriate SES position.

7

21. On February 26, 2007, Ms. Mogenhan was informed by letter that she had not been selected for the One-VA SES Candidate Development Program. Her non-selection was a direct result of these actions of Mr. Rutledge and Mr. Norris. Because they failed to properly support Ms. Mogenhan for the developmental program, her application for the was not selected, despite her solid education, varied experience, and stellar performance.

22. Her non-selection was due in large part to the refusal of Mr. Norris to sign a form that "he would be willing to promote Ms. Mogenhan into an SES position." Mr. Norris has provided no legitimate justification for his refusal to sign this routine form. His refusal is at odds with Ms. Mogenhan's obvious qualifications, which are well known to him.

23. Upon information and belief, other candidates were accepted for the One-VA SES Candidate Program without the requirement that their supervisors execute the form that they would be willing to promote the candidate into a SES position. Thus she should have been fully considered for the One-VA SES Candidate Program without regard to Jimmy Norris' refusal to sign the standard form supporting her as a candidate.

24. Upon information and belief, male candidates with

lesser qualifications continue to be considered and accepted under the One-VA SES Candidate Program or placed directly into SES positions with the Agency without completing this developmental program.

25. The discriminatory non-selection of Ms. Mogenhan has unlawfully restricted her opportunities for promotion to the GS-15 level and ultimate to an SES level position.

### CAUSES OF ACTION
#### Count I: Discriminatory Non-Selection

26. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff Ann Mogenhan on the basis of her race (white), disability (suffers from migraine headaches) and gender (female) and retaliated against her on the basis of her prior protected EEO activity by not selecting her for the One-VA SES Candidate Program despite her exemplary credentials, in violation of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq.

#### Count II: Disparate Treatment

27. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of her gender (female) and retaliated against her on the basis of her prior

protected EEO activity by subjecting her to disparate treatment, when she was not selected for the One-VA SES Candidate Program while other lesser male employees continue to be considered and selected, in violation of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq.

## RELIEF REQUESTED

28. Plaintiff requests any and all relief available under Title VII of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981a, and civil rights law, including but not limited to the following:

   a. An immediate placement into the One-VA SES Developmental Program with all benefits of that program;

   b. An immediate promotion to the GS-15 level based on the loss of promotion opportunity by the delay in assigning her to the developmental program and a corresponding reassignment outside of the VHA Office of Finance;

   c. An immediate reassignment outside of the VHA Office of Finance to an appropriate GS-15 position with promotion potential to an SES position;

   d. Declaratory and injunctive relief, including appropriate record correction consistent with the facts of this

10

case and the above-requested relief;

  e. Compensatory damages in the amount of $300,000.00 for injuries resulting from these discriminatory actions;

  f. The reasonable attorney fees at prevailing market (Laffey) rates, costs, and expenses of this action; and

  g. Such other relief as the Court deems just and appropriate.

### JURY TRIAL

  29. Plaintiff requests a trial by jury on all issues that are triable by jury.

*/s/ Myrrel C. Hendricks Jr.*
JOSEPH D. GEBHARDT
 (D.C. Bar No. 113894)
MYRREL C. HENDRICKS, JR.
 (D.C. Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

March 4, 2006  Attorneys for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ann M. Mogenhan | James B. Peake, Secretary, Department of Veterans Affairs |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery. (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Gebhardt & Associates, LLP 1101 17th St., NW, Suite 807 Washington, DC 20036-4716 (202) 496-0400 | Case: 1:08-cv-00391 Assigned To : Kessler, Gladys Assign. Date : 3/4/2008 Description: Employ. Discrim.  JURY ACTION |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination based upon race, gender, disability and reprisal pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., etc.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000.00   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☒ If yes, please complete related case form.

DATE March 4, 2008   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.