IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES B. PEAKE, Secretary, )<br>U.S. Dep't of Veterans Affairs, )<br>)<br>Defendant. )<br>) | Civil Action Nos. 08-0391/<br>06-2041 |

**PLAINTIFF'S OPPOSITION TO THE
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Ann Mogenhan, by and through undersigned counsel, hereby files her Opposition to Defendant's Motion to Dismiss, and in support thereof, states as follows:

SUMMARY OF CASE

Defendant seeks to evade answering the merits of Plaintiff's discrimination claims by requesting this court to dismiss her allegations based on disability (suffers from migraine headaches) and race (white).[1] Defendant disingenuously contends that the Complaint raises new claims based on disability and race that were not raised in the administrative

---

[1] Defendant received a liberal extension of time to answer the allegations in the new complaint arising from the discriminatory non-selection of Plaintiff for the One-VA SES Candidate Program. However, on the eve of the new deadline Defendant filed the instant motion to dismiss.

process. This is patently false. Plaintiff raises no discrimination actions by the Defendant in her new Complaint, which were not raised below in the EEO process.

The new Complaint does raise two additional bases—disability and race—for the discriminatory actions that resulted in Plaintiff's non-selection for the One-VA SES Candidate Program. Defendant has been aware of Plaintiff's disability (migraine headaches) for many years. The cited authorities relied upon by Defendant are inopposite[2] on this record.

## FACTUAL STATEMENT

The discrimination claims in the complaint concern discriminatory actions that resulted in the non-selection of the Plaintiff for the One-VA SES Candidate Development Program. See Complaint ¶¶ 18 through 27. Her non-selection was a direct result of discriminatory actions of Mr. Rutledge and Mr. Norris. Complaint ¶ 21. Plaintiff learned of her non-selection for this developmental program on February 26, 2007. Upon learning of her non-selection, Plaintiff filed a timely administrative

---

[2] The defendant's reliance on the authorities in Park v. Howard University, 71 F.3d 904 (D.C. Cir. 1995) is misplaced. See discussion, infra.

complaint based on gender and retaliation for filing prior EEO complaints.

Plaintiff timely instituted this District Court action based on the same discriminatory actions by Mr. Norris and Mr. Rutledge. In this action, Plaintiff added two additional bases for discrimination, disability (suffers for migraine headaches) and race (white). The Agency has been aware of Plaintiff's disability for many years. Before the District Court case was filed, Plaintiff discovered that none of the selectees for the One-VA SES Candidate Development Program were employees with a disability such as hers.

## ARGUMENT

I. Defendant's Motion to Dismiss Must Be Denied Because Plaintiff's Complaint Does Not Raise any New Discrimination Claims

The premise of Defendant's Motion to Dismiss is the specious allegation that Plaintiff failed to exhaust her administrative remedy. Defendant relies entirely upon the fact that Plaintiff's formal administrative EEO complaint concerning Plaintiff's non-selection for the One-VA SES Candidate Development Program did not include disability and race as bases. Yet Defendant has been aware of Plaintiff's disability for many years.

In support of the Motion to Dismiss, the Defendant relies heavily on Park v. Howard University[3]. See Motion to Dismiss, at 4 (citing Park, 71 F.3d 904 (D.C. Cir. 1995)(Plaintiff's hostile work environment claim improper because it was not litigated before the EEOC). The Defendant urges this court to dismiss Plaintiff's claims based on disability and race because she "did not raise these issues at the administrative level, yet is trying to bring them into this lawsuit." (Mot. to Dismiss, at 1). Defendant's argument, however, is flawed because the two claims—sex and national original discrimination and hostile work environment—in Park were not based on the same facts or the same discriminatory acts.

In Park, the plaintiff filed a charged with the EEOC alleging that the University had discriminated against her based on her sex and her national origin when she was not selected for the Assistant Dean position. 71 F.3d at 906. Park filed a civil lawsuit alleging sex and national origin discrimination in the University's selection process. Id. Park also filed an amended complaint, in which she alleged the University created

---

[3] A portion of this brief is devoted to Park because it sets forth the factors that a court will consider in determining whether allegations of discrimination that were not included in the EEOC charge are "reasonably related" to the original charge.

a hostile work environment. Id. The trial court construed the amended complaint to allege two separate and distinct charges:

1). sex and national origin discrimination in the selection process; and

2). a hostile working environment resulting from an on-going pattern of discrimination against Park based on her sex and national origin. Id.

### A. Defendant's Reliance on the Holding in Park v. Howard University is Misplaced

Defendant's reliance upon the holding in Park is misplaced. On this record, Plaintiff's complaint has not introduced any new discrimination claims. The discriminatory actions are the same ones alleged in the administrative process. The Plaintiff has merely identified two additional bases for the discriminatory actions taken by Mr. Rutledge and Mr. Norris. Both of who were on notice of Plaintiff's disability (suffers from migraine headaches) and race (white).

As set forth above, when the District Court complaint contains allegations of discrimination that were not included in the EEOC charge, courts will evaluate whether these claims are reasonably related, thereby developing from the same factual basis as the EEOC charge. Plaintiff's claims of discrimination

based on race and disability stem from the same factual basis as the original charge — the non-selection for the One-VA SES Candidate Development Program.  Count I of the Complaint raises the same questions of fact and law with respect to the issues of discrimination on the basis of gender and retaliation. Plaintiff was subjected to unfair treatment by Mr. Rutledge and Mr. Norris, which was used to frustrate her career ambitions, to deny her opportunities for challenging work, and to limit her salary.  Specifically, the types of discrimination included lack of proper assignments, failure to rate her performance properly, repeatedly requiring her to spend substantial time performing clerical duties, and refusing to accommodate her request for a private office based on her severe migraine headaches that periodically prevented her from performing her duties.

In fact, Defendant has conceded that "Plaintiff brought her case, which stems from the same nucleus of facts as do the Counts in Plaintiff's Complaint, before the Office of Employment Discrimination and Complaint Adjudication." (Mot. To Dismiss, at 4).  Therefore, Plaintiff has exhausted her remedies under Title VII, the discrimination allegations based on disability and race are properly before this court and should not be

dismissed.

   **B.   Defendant Would Not Be Prejudiced by Permitting the Allegations of Discrimination Based on Disability and Race to Proceed**

Furthermore, this court has held that the "'sweep of any subsequent judicial complaint' is no broader than 'the scope of the EEOC investigation which could reasonably be expected to grow out of the charge" filed in the EEOC complaint." See Hazel v. Washington Metro. Area Transit Auth., No. 02-1375, 2006 U.S. Dist. LEXIS 89139, at 24-25 (D.D.C. 2006).  On February 28, 2007, Plaintiff contracted an EEO Counselor concerning her non-selection for the One-VA SES Candidate Program.  She told the EEO Counselor that she believed that the non-selection was based on her gender (female), disability (migraine headaches) and also in retaliation for prior EEO activity.  On March 26, 2007, she filed her formal discrimination complaint.  In her sworn Affidavit, given in the EEO investigation, Plaintiff stated in response to question 14:

"I believe that my disability contributed to my non-selection, since disabled employees are also under represented within the SES ranks." See Ann Mogenhan Affidavit, dated August 28, 2007, at 4-5.   Thus, the Plaintiff's sworn statement alleged facts that were sufficient to trigger an investigation

regarding disability as a basis for her non-selection. Both the EEO Counselor and the Agency had sufficient notice of the matter and had the opportunity to resolve plaintiff's disability claim administratively prior to the filing of her complaint in district court. See Lane v. Hilbert, 2004 U.S. App. LEXIS 9397 (D.C.Cir. 2004) (holding that a court could not entertain additional incidents omitted from an EEOC complaint unless those incidents were within the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination). Accordingly, no exhaustion separate and apart from Plaintiff's March EEO charge is required and her claim of disability discrimination is clearly appropriate for adjudication.

II. The Defendant's Motion to Dismiss Must Be Denied in the Interest of Justice

   A. **Defendant Is on Notice of Plaintiff's Discrimination Claims Based on Disability and Race**

Pursuant to Fed. R. Civ. Pro. 8(a), Plaintiff's Complaint complies with the notice pleading requirement of the Federal Rules. Rule 8(a) requires that a complaint include a "short and plain statement" of the grounds for jurisdiction and the claims alleged. Empagran S.A., et al., 388 F.3d 337, 340 (D.C. Cir.

2004). "[T]he liberal concepts of notice pleading embodied in the Federal Rules do not require the pleading of legal theories." Id. At 341 (quoting Hanson v. Hoffman, 628 F.2d 42, 53 (D.C. Cir. 1983)(reading an implicit First Amendment claim into the plaintiff's complaint, which alleged sex discrimination but included the "basic factual allegation" for a First Amendment claim). "[U]nless a defendant is prejudiced on the merits by a change in the legal theory, a plaintiff is not bound by the legal theory on which he or she originally relied." Id.

Here, Plaintiff alleges in Count I that Defendant unlawfully discriminated against her on the basis of her race, disability[4] and gender, and retaliated against her on the basis of her prior protected EEO activity by not selecting her for the One-VA SES Candidate Program. Along with her statement of the court's jurisdiction and her demands for relief, Plaintiff satisfies the simple notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff therefore adequately states her claims in Count I, and Defendant's motion to dismiss should be denied.

Defendant also cites Maryland v. Sodexho, Inc., 474 F.

---

[4] The issue of discrimination based on disability was raised by Plaintiff in her sworn affidavit in the EEO process.

Supp. 2d 160 (D.D.C. 2007). The district court in <u>Sodexho</u>, precluded plaintiff's religious discrimination claim based upon failure to raise the claim at the administrative level. However, the court sustained the retaliation claim because it related back to the original complaint—based on the same conduct, transaction, or occurrence forming the basis of the retaliatory discharge claim—which was timely filed. The facts here are similar to the retaliation claim in <u>Sodexho</u>. The same actions by Mr. Rutledge and Mr. Norris support the discrimination claims raised in the District Court Complaint. Moreover, Plaintiff's sworn statement refers to the discrimination based on disability. The situation here requires the Court to permit these discrimination claims based on disability and race to proceed.

**B. Granting Defendant's Motion to Dismiss Would Be Fundamentally Unfair and Inconsistent with Traditional Notions of Due Process**

Furthermore, it would be grossly unjust to deny Plaintiff the opportunity to try her claim on its merits. The foundation of an accessible EEO system is the expectation that employees working to overcome discrimination should have the opportunity to express their grievances. Although Congress intended to give the agency the opportunity to resolve matters internally,

it did not intend to establish a procedural roadblock to access to courts.  See President v. Vance, 627 F.2d 353, 362-363 (D.C. Cir. 1980) ("Exhaustion under Title VII . . . should never be allowed to become so formidable a demand that it obscures the clear congressional purpose of 'rooting out . . . every vestige of employment discrimination within the federal government.'").

The same principles of justice and equity underlying the liberal construction of the Federal Rules and Title VII should compel this court to find that plaintiff's claims should be permitted to go forward and Defendant's Motion to Dismiss should be denied.

III. Defendant Will Suffer No Prejudice by Permitting These Discrimination Claims to Go Forward

The Supreme Court has explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Similarly, the D.C. Circuit has ruled that "when a party has a valid claim, he should recover on it regardless of his . . . failure to perceive the true basis of the claim at the pleading stage . . . ."  See Wiley v. Glassman, 511 F.3d 151, 159 (D.C. Cir. 2007).  For a claim to go forward, the

factual basis for the claim must be present in the plaintiff's complaint and that the defendant will not be prejudiced in maintaining its defense.  The central inquiry for notice and prejudice is to determine whether the adverse party, viewed as reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of conduct, transaction, or occurrence set forth in the original pleading might be called into question.  Wagner v. Georgetown Univ. Med. Ctr., 768 A.2d 546 (D.C. Cir. 2001).

In the present case, the race and disability claims "could have reasonably been expected to grow out of [Plaintiff's] earlier complaint."  Weber v. National Labor Relations Board, 494 F.3d 179, 184 (D.C. Cir. 2007).  The EEO claims that were accepted for investigation included unlawful discrimination against Plaintiff on the bases of her sex and reprisal by not selecting her for the One-VA SES Candidate Development Program. The alleged discriminatory actions included the failure of Mr. Rutledge and Mr. Norris to prepare an appraisal that adequately reflect Plaintiff's performance and the refusal of Mr. Norris to sign a standard form supporting Plaintiff as a candidate. Undoubtedly, the discriminatory non-selection based on race and

disability is "like or related" to the discriminatory actions alleged in the EEO complaint, which unlawfully restricted Plaintiff's opportunities for career advancement. The discriminatory actions in both complaints were taken by the same actors, Mr. Rutledge and Mr. Norris. The alleged actions also occurred over a continuous period of time from 2000 through 2007, which Plaintiff had filed three prior EEO complaints alleging a pattern of discrimination and hostile working environment based on inter alia race, disability, gender and retaliation for prior EEO activity. Accordingly, Plaintiff gave Defendant sufficient notice of the matter and the opportunity to resolve her claims administratively before she filed her complaint in district court. Furthermore, Defendant has not raised any undue prejudice argument—and indeed it would be impossible to do so at this stage of the proceedings. Therefore, the Complaint is proper before the District Court and should not be dismissed.

CONCLUSION

The allegations of complaint do not raise any discrimination claims that were not timely raised in the administrative process. The alleged discriminatory actions in the complaint are the same as those relied upon in the administrative process. The Plaintiff has raised two additional bases for these discriminatory actions disability and race. Moreover Defendant will not suffer any prejudice by permitting these two bases to be considered in this action. The consolidated case already includes other discrimination claims based on disability and race.

Moreover, the elementary principles of justice lean in favor of permitting Plaintiff to test her case on the merits. Accordingly, Defendant's Motion must be denied.

Respectfully submitted,

MYRREL C. HENDRICKS, JR.
(D.C. Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP.
1101 17th Street, N.W.
Suite 807
Washington, D.C. 20036-4718
(202) 496-0400

July 2, 2008                        Attorney for Plaintiff