UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
ANN M. MOGENHAN,                   )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    Civil Action No. 08-0391 / 06-2041  (GK)
                                   )
JAMES B. PEAKE, Secretary,         )
U.S. Dep't of Veterans Affairs,    )
                                   )
            Defendant.             )
_____)

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Prior to the filing of this lawsuit, Plaintiff brought an administrative claim of gender discrimination against the Defendant. After an unsuccessful result in that administrative case, Plaintiff now sues Defendant alleging gender discrimination. But then Plaintiff goes a step (or two) too far. Plaintiff tries to slide into her Complaint two additional, substantive claims: one for discrimination based on race and another for discrimination based on disability, two claims that she did not raise in her administrative case. This she cannot do. The law is clear on this. As such, these two new claims should be dismissed.

Plaintiff brought her administrative case before the Office of Employment Discrimination and Complaint Adjudication ("OEDCA"). The OEDCA considered whether:

> the Agency discriminated against the complainant based on sex
> (female) and reprisal (prior EEO activity) when she received
> notification on February 6, 2007, that she had not been selected
> to participate in the One VA Senior Executive Service (SES)
> Candidate Development Program.

Final Agency Decision letter, attached to Defendant's Motion to Dismiss as Exhibit A, at 1. That is the entirety of what the OEDCA considered – discrimination based on sex and reprisal. Plaintiff's Complaint admits as much. Complaint, at ¶ 11. Contrast the allegations that were

brought before the OEDCA with Count I in Plaintiff's Complaint in the instant case, which alleges that Plaintiff was subjected to discrimination based on gender...and race...and disability. Plaintiff admits that the "new Complaint does raise two additional bases – disability and race – for the discriminatory actions that resulted in Plaintiff's non-selection for the One-VA SES Candidate Program." Plaintiff's Opposition at 2.

Plaintiff then tries to pull the wool over Defendant's (and the Court's) eyes by arguing that her race and disability allegations are not new *claims*, but are "merely...two additional bases for the discriminatory actions"[1] taken by Defendant. In the end, Plaintiff's backhanded dismissal of the relevant *law* in this case cannot carry the day. Plaintiff attacks Park v. Howard University, 71 F.3d 904 (D.C. Cir. 1995), as though it were the only case cited by Defendant, and that it was improperly cited at that. Defendant contends that Park is correctly cited, is relevant law, and presents a hurdle that, try-as-she-may, Plaintiff simply cannot get over, under, or around. Park is clear: "A court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process." Plaintiff wants this Court to take an ultra-liberal approach and take Plaintiff's gender discrimination claim and somehow read into it a race claim and a disability claim.

The undisputed fact is, these two new claims of race and disability discrimination were not raised at the administrative level. As such, Defendant was afforded no notice of these two new claims. Defendant did not investigate Plaintiff's race or disability claims at the administrative level because it had no reason to; these claims were never alleged. As such, access to evidence in a race or disability claim is not as fresh as it would have been had the claims been

---

[1] Plaintiff's Opposition at 5.

investigated during the administrative process.[2]

While gender and race discrimination are both brought under Title VII, they deal with very different issues. This Court has held, numerous times, that race and gender discrimination are different claims that need to be addressed distinctly and separately. Caldwell v. ServiceMaster Corporation, 966 F.Supp. 33, 49 (D.D.C. 1997) (stating that "[a]n allegation of race-based discrimination does not, by itself, include an allegation of sex discrimination; these allegations are discrete, and they must be identified specifically and separately," (citation omitted)); also see Alfred v. Scribner Hall & Thompson, LLP, 473 F.Supp.2d 6, (D.D.C. 2007) (dismissing the plaintiff's gender discrimination claim because "'an allegation of race-based discrimination does not...include an allegation of sex discrimination; these allegations are discrete and must be identified specifically and separately.' Accordingly, because neither mixed motive...nor sexual discrimination claims were identified in the administrative charge filed with the EEOC, the plaintiff failed to exhaust her administrative remedies by inadequately notifying the agency of the theory underlying her claim," citing Caldwell, 966 F.Supp. 33; Rush v. McDonald's Corp., 966 F.2d 1104 (7th Cir. 1992)).

Plaintiff's disability claim is even more distinct from her Title VII gender claim because it involves a completely different statute; the Rehabilitation Act.[3] For Plaintiff to claim that her

---

[2]   The staleness of evidence of the alleged race and disability discrimination is one reason why Plaintiff's failure to allege these claims at the administrative level may prejudice Defendant in this case. For Plaintiff to summarily claim that Defendant will not be prejudiced by her failure to raise her race and disability claims at the administrative level is both presumptuous and, more than likely, inaccurate.

[3]   Plaintiff claims that "Defendant has been aware of Plaintiff's disability (migraine headaches) for many years." Plaintiff's Opposition at 2. While Defendant acknowledges that some of Plaintiff's colleagues may have known about Plaintiff's alleged migraine headaches for some time, Defendant vigorously denies that Plaintiff is "disabled" as a result of them. Taking

disability claim is essentially the same as her gender discrimination claim is particularly troublesome given the applicability of completely different laws.

Actions brought pursuant to the Rehabilitation Act, like Title VII actions, are subject to the requirement that a plaintiff timely exhaust his or her administrative remedies prior to filing suit in federal district court. 29 U.S.C. § 794a(a)(1) (incorporating Title VII's provisions into the Rehabilitation Act); Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006). The Equal Employment Opportunity Commission (EEOC) has established "detailed procedures for the administrative resolution of discrimination complaints...[and plaintiffs] must timely exhaust these remedies before bringing their claims to court." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) (citing 29 C.F.R. Part 1614); Spinelli, 446 F.3d at 162.

In Spinelli, this Court explained that the Rehabilitation Act "limits judicial review to employees 'aggrieved by the final disposition' of their administrative complaint . . . thereby mandating administrative exhaustion." Id. (citing 29 U.S.C. § 794a(a)(1)). The Court noted that "[s]uch a jurisdictional exhaustion . . . may not be excused." Id. Here, there was no final disposition of Plaintiff's claim of disability discrimination because she never brought such claim. Under these facts, Plaintiff simply, flatly, and plainly failed to exhaust administrative remedies for her current alleged disability. Accordingly, Plaintiff's disability discrimination claim should be dismissed.

---

as true that Plaintiff has suffered migraine headaches for many years, Defendant contends that Plaintiff could have easily included this claim in her administrative complaint. She failed to do so. She cannot do so now.

## CONCLUSION

In summary, Defendant moves to dismiss two of Plaintiff's discrimination claims. Defendant moves to dismiss Plaintiff's race and disability discrimination claims found in Count I of Plaintiff's Complaint based on Plaintiff's failure to exhaust her administrative remedies.

Dated: July 11, 2008.

                        Respectfully submitted,

                        /s/
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney

                        /s/
                        RUDOLPH CONTRERAS, D.C. BAR #434122
                        Assistant United States Attorney

                        /s/
                        CHRISTIAN A. NATIELLO, D.C. BAR # 473960
                        Assistant United States Attorney
                        Civil Division
                        555 4th Street, N.W.
                        Room E4112
                        Washington, D.C.  20530
                        (202) 307-0338